**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

KRISTINA KAY LAFFERTY, §
§
    Plaintiff, §
§
v. § Case No. 6:24-cv-459-JDK-JDL
§
COMMISSIONER OF SSA, CAROLYN §
W. COLVIN, §
§
    Defendant. §

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kristina Kay Lafferty brings this civil suit pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioner's denial of her application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation recommending affirming the Commissioner's decision and dismissing the case with prejudice. Docket No. 17. Plaintiff filed objections to the Report. Docket No. 18.

The Court reviews objected-to portions of the Magistrate Judge's Report de novo. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). The Court reviews

1

unobjected-to portions of the Magistrate Judge's Report for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff objects to the Report's recommendation that the Court affirm the ALJ's determination that Plaintiff does not have a severe impairment. Docket No. 18 at 1. Specifically, Plaintiff states that the ALJ erred by improperly discounting the medical opinion of Dr. Bradley Stephan, who concluded that Plaintiff did have a severe impairment. *Id.* Plaintiff maintains that the Report improperly determined the "onset date" of her disability in disregarding Dr. Stephan's opinion. *See id.* She argues that the medical records prior to the "onset date" demonstrate that she had a chronic condition that continued to escalate into a disability. *See id.* Because the ALJ excluded these records in making its determination, Plaintiff argues that the ALJ's finding "is not supported by substantial evidence and the Magistrate Judge's recommendation on this issue should be rejected." *Id.*

The Court finds that the Report correctly affirmed the ALJ's finding that Plaintiff's back impairment did not constitute a severe impairment. *See* Docket No. 17 at 9. "ALJs have considerable discretion in assigning weight to medical opinions and may reject the opinion of a physician when the evidence supports a contrary conclusion." *Jones v. Comm'r, SSA*, No. 4:21-CV-00895-SDJ-CAN, 2022 WL 19517056, at *13 (E.D. Tex. Dec. 19, 2022) (quoting *Richardson v. Colvin*, 4:15-CV-

0879, 2017 WL 237637, at *10 (N.D. Tex. Jan. 17, 2017)).  Here, the majority of the medical records considered by Dr. Stephan were created *prior* to Plaintiff's alleged onset date of the disability.  Transcript at 23, 69–80 (emphasis added).  While Plaintiff is correct that the onset date describes when the impairment became disabling, "medical evidence that predates the alleged disability onset date is ordinarily not relevant to evaluating a claimant's disability."  *See Arnold v. Comm'r of Soc. Sec.*, No. 4:22-CV-04240, 2024 WL 23179, at *4 (S.D. Tex. Jan. 2, 2024) (quoting *Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 582 n.19 (S.D.N.Y. 2022)); *see also Owens v. Heckler*, 770 F.2d 1276, 1280 & n.2 (5th Cir. 1985) (finding that medical records pertaining to a time period before the alleged onset of disability was immaterial to a claim of disability for a later time period).  Accordingly, the ALJ's decision to disregard Dr. Stephan's medical opinion is supported by substantial evidence.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Magistrate Judge's Report is correct, and Plaintiff's objection is without merit.  Accordingly, the Court **OVERRULES** Plaintiff's objection (Docket No. 18) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as the opinion of the Court.  The decision of the Commissioner is **AFFIRMED**, and this cause of action is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **5th**  day of **March, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3